USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO SAENZ,

    Plaintiff,

-against-

S.W. MANAGEMENT LLC, et al.,

    Defendants.

19-CV-5717 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The parties having settled their dispute, including claims brought under the Fair Labor Standards Act (FLSA) and having thereafter consented to Judge Moses's authority for all remaining proceedings pursuant to 28 U.S.C. § 636(c), including review of their settlement agreement pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015);

It is hereby **ORDERED** that all deadlines previously set in this action are vacated.

It is further **ORDERED** that the parties shall submit, no later than **January 20, 2020**: (a) a fully-executed copy of their written settlement agreement, which will be placed on the public docket, *see Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); (b) a **joint** letter setting forth their views as to why their settlement agreement is fair and reasonable and should be approved in light of the factors enumerated in *Wolinsky*, 900 F. Supp. 2d at 335-36; and (c) counsel's time and expense records if an award of attorneys' fees and costs is requested.[1]

The parties are cautioned that "it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4

---

[1] The plaintiff's letter dated January 6, 2020 (Dkt. No. 32), does not adequately explain why the settlement is fair and reasonable and contains no time and expense records to support the attorneys' fees awarded under the agreement.

(S.D.N.Y. Nov. 6, 2015). This caution extends to so-called non-disparagement clauses, if such clauses prevent a plaintiff from making truthful statements concerning his employment, the lawsuit underlying the proposed settlement, or the settlement itself. *See Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.) (non-disparagement clause "must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case") (internal quotation marks omitted; modifications in original).

The parties are further cautioned that courts in this District ordinarily refuse to approve FLSA settlements that include one-way or overbroad general releases. *See, e.g., Lopez*, 2016 WL 1319088, at *2; *Pinguil v. We Are All Frank, Inc.*, 2018 WL 2538218 (S.D.N.Y. May 21, 2018) (Moses, M.J.).

The parties are further cautioned that the Court expects a detailed explanation of the basis for any award of attorneys' fees and costs, supported by counsel's time and expense records. "In this District, fees exceeding one third of the settlement fund are rarely approved absent special circumstances." *Hui Liang Zhao v. Hiro Sushi at Ollie's, Inc.*, 2016 U.S. Dist. LEXIS 194344, at *12 (S.D.N.Y. Nov. 10, 2016) (Moses, M.J.). In such a case, "the appropriate denominator is the total settlement *net* of costs." *Pinguil v. YTF Hair Extensions Inc.*, 2018 U.S. Dist. LEXIS 26010, at *5 (S.D.N.Y. Feb. 15, 2018) (Moses, M.J.) (emphasis in original; internal quotation marks omitted).

Dated: New York, New York
January 13, 2020

SO ORDERED.

**BARBARA MOSES**
**United States Magistrate Judge**

2